IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EDWARD LAMB,
ADC #119644                                                                                                    PLAINTIFF

v.                                          5:04CV00163HLJ

LARRY NORRIS, et al.                                                                                      DEFENDANTS

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE ##73, 78). Plaintiff has filed responses to defendants' motions (DE ##83, 86). Defendant Kingsland has filed a motion to deem facts admitted (DE #80), and plaintiff has responded with a motion for leave to file a late response, together with an opposition to defendants' motion (DE ##81, 89)

Plaintiff, a state inmate currently incarcerated at the Quachita River Correctional Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights by defendants based on incidents which occurred while he was incarcerated at the Grimes Unit in February, 2003. Specifically, plaintiff alleges that he was bitten by a spider in his cell on February 6, 2003, and when he appeared at the Infirmary on February 12, 2003, defendant Kingsland stated that she did not have time to treat him and that he should submit a sick call request and return to the Infirmary the next day. Plaintiff was treated at the Infirmary the next day for his bite. Plaintiff also alleges that defendant Maples, the Warden of the Unit, was deliberately indifferent by failing to ensure that plaintiff's cell was sprayed for spiders, since plaintiff had suffered two bites in January, 2003, and also failed to ensure the plaintiff received proper treatment. Plaintiff

asks for monetary relief from the defendants.

## II.  Undisputed Facts

Based on a review of the motions and affidavits, responses and exhibits, the Court finds the following undisputed facts.  Plaintiff was treated at the Grimes Unit Infirmary in January, 2003 for two spider bites.  Plaintiff did not know that spiders were in his cell until he was bitten.  He received antibiotics and pain medication and a script to have daily dressing changes.  On February 6, 2003, plaintiff received another spider bite and went to the Infirmary on February 11, 2003.  Before being treated, plaintiff was called away for a meeting, and did not return.  The nursing assessment of this visit did not note any emergent symptoms or findings and plaintiff was instructed to complete a sick call request slip.  Plaintiff returned to the Infirmary on February 12, 2003, but was not treated (the parties dispute whether plaintiff filed a sick call request for treatment).  He returned again to the Infirmary on February 13, 2003, without a sick call slip, and was treated as a walk-in patient and was prescribed antibiotics and pain medication.  Plaintiff was again treated on February 14, 2006.  Plaintiff filed a grievance that same date, and defendant Maples responded to that grievance on February 20, 2003, stating that he was forwarding plaintiff's grievance to medical personnel for a response.   Plaintiff returned to the Infirmary for a follow-up appointment with the doctor on March 3, 2003, at which time the doctor noted that plaintiff's wound was healing "very well", was pink and "almost healed."  DE #74-6.

## III.  Summary Judgment Motions

### A. Defendant Kingsland

In support of her motion, defendant states that plaintiff can not support his Eighth Amendment claim against her because he can not show that he was injured by a one-day delay in treatment for his

bite, nor can he show that her response to him was deliberately indifferent to his health and safety. In support of her motion, defendant also attaches an affidavit of Dr. Roland Anderson, Regional Medical Director for Correctional Medical Services, Inc. (CMS), which contracts with ADC to provide medical services to the ADC inmates. Dr. Anderson reviewed plaintiff's medical records, together with his allegations, and concluded that there was no medical evidence to support a finding of harm in the one-day delay of treatment. Furthermore, Dr. Anderson notes that had plaintiff completed a sick call slip for treatment on February 12, 2003, he would have been treated by infirmary personnel. Although plaintiff claims that he suffers from a scar as a result of defendant's mistreatment, Dr. Anderson states in his affidavit that spider bites often leave a scar, regardless of whether medical treatment is received, and that a one-day delay in treatment would have no significant medical consequences to the healing of the bite.

Defendant also notes in her motion, and provides plaintiff's medical records in support, that plaintiff failed to appear for dressing changes for his two prior bites on February 6, 2003 and February 7, 2003, and could have had his third bite addressed on those dates had he kept his appointments. Finally, defendant states that even if she told plaintiff she was too busy to treat him on February 12, 2003, and that he should complete a sick call request form and return the next day, such conduct does not support a finding of deliberate indifference. Defendant notes that Tylenol is available to all inmates, without a prescription, at the pill call window four times daily, and that such was available to plaintiff for treatment of any discomfort he was experiencing.

B. Defendant Maples

In support of his motion, defendant Maples provides an affidavit and receipts to show that the barracks are serviced by pest control on a monthly basis, and that individual cells are sprayed at the requests of inmates or staff. In addition, defendant Maples responded to plaintiff's grievance, submitted

February 14, 2003, by forwarding it to medical personnel for their investigation and response. Defendant states that as a non-medical employee, he is not involved in the medical treatment of the inmates, and any attempts to hold him liable based on his supervisory capacity can not be maintained pursuant to a § 1983 action.

C.  Plaintiff's Responses

In response to the defendants' motions, plaintiff states that CMS (non-party) condoned a policy of failure to provide adequate medical care, as documented by a Department of Justice study completed in late 2003.  In addition, plaintiff states that defendant Kingsland's decision to delay treatment of his bite constituted deliberate indifference to a serious medical need.  Plaintiff also states that defendant Maples can not provide proof that plaintiff's cell was treated following the bites which occurred in January 2003, and that his failure to ensure such or moving plaintiff to a different cell constitutes deliberate indifference.

D.  Defendant Kingsland's Reply

In reply, defendant Kingsland states that plaintiff has failed to support his allegations, and has failed to oppose defendants' proof by proof of his own.  In addition, defendant notes that plaintiff does not dispute that Tylenol was available to inmates on request at pill call or that plaintiff appeared at pill call during this time in question to receive other prescribed medications.  In addition, defendant states that plaintiff does not dispute the affidavit of Dr. Anderson and fails to offer any medical testimony in opposition to the declaration.  Defendant states that plaintiff's reference to the Department of Justice report does not apply to this particular situation and that the medical records prove that plaintiff was adequately treated for all of the bites he received.

E.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany, supra, 132 F.2d at 1237. "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id. Plaintiff must offer "sufficient probative evident [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992).

F.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must show that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 Ul.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).    "In the face of medical records indicating that treatment was provided and

physician affidavits indicating that the care provided was adequate, an inmate can not create a question of fact by merely stating that he did not feel he received adequate treatment." Dulany, supra, 132 F.3d at 1240.  In addition, an inmate complaining about a delay in medical treatment must place verifying medical evidence in the record to establish the detrimental effect of delay in order to succeed. Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995).  Medical speculation is insufficient to overcome a motion for summary judgment. Dulany, supra, 132 F.3d 1241-1242.

A plaintiff must file a medical indifference claim against the individual directly responsible for the plaintiff's medical care.  Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994).   An official who is not involved in an inmate's treatment decisions and who lacks medical expertise can not be held liable for the decisions of the medical staff who diagnose and treat the inmate. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).

In this particular case, plaintiff has presented no evidence of having suffered any injury from the one-day delay in treatment for the February 2006 spider bite.  In addition, plaintiff does not explain why he waited several days after the alleged February 6 bite took place, to seek treatment.  The Court also finds that even if defendant Kingsland told him to return the next day, that such conduct, in light of the Infirmary's February 11, 2003 assessment of a non-emergent situation, does not support deliberate indifference conduct.  At the most, defendant Kingsland's conduct was negligent, which does not rise to the level of a § 1983 claim.  The medical evidence provided by the defendants shows that plaintiff was treated on February 13 and 14, 2003 for the spider bite, and that at the follow-up visit two weeks later the bite was healing.  The medical evidence also shows that plaintiff failed to appear for treatment of his previous bites on several occasions, two of which occurred were scheduled after he allegedly suffered the third bite.   Plaintiff also offers absolutely no evidence that defendants' actions were callous or

motivated with malicious and sadistic intent. With respect to defendant Maples, who is not medically-trained, he has presented proof that he forwarded plaintiff's grievance to medical personnel for a response to his complaints about his medical treatment. In addition, any claim by plaintiff that defendant Maples was responsible for the third bite by failing to spray his cell following the previous bites, is unsupported, because plaintiff has provided no proof of having notified defendant of the prior bites until he filed his grievance on February 14, 2003, which was after plaintiff was bitten the third time. Therefore, the Court finds that no dispute of material fact exists with respect to plaintiff's Eighth Amendment allegations and that the defendants are entitled to judgment as a matter of law. Accordingly,

IT IS, THEREFORE, ORDERED that the defendants' motions for summary judgment (DE ##73, 77) are hereby GRANTED.

IT IS FURTHER ORDERED that defendant Kingsland's motion to deem facts admitted (DE #80) is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a response (DE #81) is hereby GRANTED.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 25th day of August, 2006.

_____
United States Magistrate Judge